1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    JOSEPH OH,                            CASE NO. C11-1509

11               Plaintiff,           ORDER GRANTING
                                     DEFENDANTS' MOTION TO

12       v.                               DISMISS

13    PACIFIC INTERNATIONAL BANK,
     aka PACIFIC INTERNATIONAL

14    BANCORP, INC., its affiliates and
     successors, WOOSUNG PARK,

15    individually, JAMES ALFRED
     PRESTON, individually, DAWN

16    MCGINNIS, individually, and JOHN
     DOES 1-10,

17
                   Defendants.

18

19

20         This matter comes before the Court on Defendants' motion to dismiss Plaintiff's

complaint. (Dkt. No. 7.) Having reviewed the motion, the Plaintiff's response (Dkt. No. 13),

21

22   Defendants' reply (Dkt. No. 14), and the remaining record, the Court GRANTS Defendants'

motion to dismiss.

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 1

**Background**

This suit arises out of the sale of the Rainier Inn, a hotel in Lakewood, WA. (Dkt. No. 1 at 2.) Plaintiff Joseph Oh alleges that Defendant Pacific International Bank fraudulently induced him to buy the hotel, and also perpetuated a fraud through a series of loans totaling about $2 million to facilitate the purchase and repair of the hotel. (Id. at 10.)

This matter is closely related to a suit brought in May 2011 by Pacific International Bank against Mr. Oh and his company, Holly Global Investment, Inc., to collect on the same commercial loans in Superior Court of Washington for King County (Cause No.: 11-2-16009-2 SEA). However, Plaintiff Oh asserts that jurisdiction for the present case is proper in this Court, not state court, because he includes claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961-1968. Specifically, Plaintiff alleges that Defendants engaged in "racketeering activity" as defined by the statute, including fraudulent representation, collusion, and an ongoing pattern of intimidation. (Dkt. No. 1 at 11.)

**Discussion**

While RICO is a federal statute, the U.S. Supreme Court has held that state courts have concurrent jurisdiction over civil RICO claims. Tafflin v. Levitt, 493 U.S. 455, 459-460 (1990). This is because "[n]othing in the language, structure, legislative history, or underlying policies of RICO" precludes state court jurisdiction. Id. at 467. Plaintiff is not prevented from filing his RICO claim in state court.

When federal and state courts are confronted with virtually identical lawsuits, the federal court has several possible options. In this case, the interests of judicial administration and a comprehensive disposition of the litigation counsel the Court to abstain in deference to ongoing state proceedings. In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800

1   (1976), the Supreme Court identified four factors that a federal district court should consider

2   when determining whether to abstain in order to avoid duplicative litigation. These include: the

3   problems that occur when a state and federal court assume jurisdiction over the same property;

4   the relative inconvenience of the federal forum; the need to avoid piecemeal litigation; and the

5   order in which the state and federal proceedings were filed. Id. at 818-19. Here, all four factors

6   weigh in favor of abstention. The state and federal cases largely concern the same property (the

7   Rainier Hotel); litigating cases in both state and federal court would be needlessly inconvenient;

8   two cases would produce piecemeal litigation because factual inquiries are likely to be

9   intertwined; and the state court case was filed first.

10          The Ninth Circuit has added an additional factor to this analysis: whether the district

11   court concludes that the parallel state-court litigation will be an adequate vehicle for the

12   resolution of the issues between the parties. See Intel Corp. v. Advanced Micro Devices, 12 F.3d

13   908, 913 (9th Cir. 1993). The fact that some related state court proceedings are currently stayed

14   pending the resolution of bankruptcy proceedings does not disturb the Court's conclusion that

15   ongoing state court proceedings are an adequate vehicle for full resolution of the parties' claims.

16   (Dkt. No. 13 at 3.) This Court is directed to apply the Colorado River factors "in a pragmatic,

17   flexible manner with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp. v.

18   Mercury Constr. Corp., 460 U.S. 1, 20 (1983). While the case against Plaintiff's corporation,

19   Holly Global Investment, Inc., is stayed pending bankruptcy proceedings, state court actions

20   against Mr. Oh as guarantor are ongoing. (Dkt. No. 14.) In view of the totality of the

21   proceedings, the Court finds that state court is an adequate vehicle for resolution.

22          Additionally, while the current motion to dismiss is brought only on behalf of Defendants

23   Pacific International Bank, Woosung Park, and James Preston, the factors favoring abstention by

24

1   this Court apply to the case in its entirety. Therefore, the present case is dismissed as to all

2   defendants.

3   **Conclusion**

4       Defendants' motion to dismiss is GRANTED.

5       The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

6       Dated this 26th day of October, 2011.

7

8

9

10   Marsha J. Pechman
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 4